NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH ROZNOWSKI, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 06-cv-2009 (DMC) |
| SOUTH PLAINFIELD POLICE DEPARTMENT; BOROUGH OF SOUTH PLAINFIELD; COUNTY OF MIDDLESEX; MIDDLESEX COUNTY PROSECUTOR'S OFFICE; PROSECUTOR ALAN ROCKOFF; ASSISTANT PROSECUTOR CINDY GLASER; JUDGE DEBORAH VENEZIA; and JUDGE ROBERT P. FIGAROTTA, | : | |
| Defendants. | : | |

**DENNIS M. CAVANAUGH, U.S.D.J.**:

This matter comes before the Court upon motion by Plaintiff Joseph Roznowski for Reconsideration of this Court's Opinion and Order granting Defendants County of Middlesex, Middlesex County Prosecutor's Office, former-Prosecutor Alan Rockoff, Assistant Prosecutor Cindy Glaser, Judge Deborah Venezia, and retired Judge Robert P. Figarotta's motion to dismiss. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering Plaintiff's letter seeking reconsideration of this Court's March 15, 2007 decision, and based upon the following, it is the finding of this Court that Plaintiff's motion for Reconsideration is **denied.**

**I.      BACKGROUND**

Plaintiff brought this *pro se* action for breach of an implied covenant of fair dealing and good faith with respect to the search of his home and the seizure of his property, breach of the duty of fair dealing before the Superior Court regarding his seized property, negligent and intentional infliction of emotional distress, conspiracy to violate Plaintiff's Equal Protection rights, violation of Plaintiff's civil rights, conspiracy to take Plaintiff's property in violation of the Fourth, Fifth, and Fourteenth Amendments, violation of the RICO Act, 18 U.S.C. § 1961, negligence, fraud, theft by deception, official misconduct, and violation of defendants' oaths of office. Based on these claims, Plaintiff seeks compensatory and punitive damages. On March 15, 2007, this Court issued an Opinion and Order dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). It was the finding of this Court that Plaintiff's claims were barred by the applicable statutes of limitations and the doctrine of *res judicata*.

In a letter dated March 21, 2007, Plaintiff argues that he began his efforts to recover his property within the statute of limitations and that he wishes to be advised on whether he had any rights at all. The Court is cognizant of the leniency given to *pro se* litigants. See Haines v. Kerner, 404 U.S. 519. Accordingly, this Court construes the letter as a motion for Reconsideration.

**II.     DISCUSSION**

      **A.      Motion for Reconsideration**

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(g). See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion pursuant to Local Rule 7.1(g) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F.

Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

**III.     ANALYSIS**

In this case, there has been no change in the controlling law and Plaintiff presents no evidence that was previously unavailable. Thus, Plaintiff's motion for reconsideration may only be granted if this Court committed a clear error of law or to prevent manifest injustice. Plaintiff argues that this Court should reverse its previous decision because the Court misapplied the applicable statutes of limitations and that Plaintiff "followed all of the rules and time lines." Letter from Joseph Roznowski to the Hon. Dennis M. Cavanaugh, U.S.D.J. (March 21, 2007).

Plaintiff requests that this Court reconsider his claims because he sought recovery for his property as early as March 1990. Specifically, Plaintiff states that he sought recovery of his property thirty days after sentencing by Judge Deegan in February 1990, and that all of his motions up to this point have been denied. See id. Plaintiff further argues that it is the Court's duty to punish the people who allegedly denied Plaintiff his property, that Plaintiff "deserves better than this" because he paid taxes for forty-five years and because he fought in the Korean War to protect the rights he seeks to enforce. Id. Finally, Plaintiff alleges that his rights were allowed to be violated because of Defendants' positions as judges, lawyers, and police officers. Ultimately, Plaintiff wants "to know if [he has] any civil constitutional or any rights at all." Id. On these grounds, Plaintiff argues reconsideration is necessary to prevent "manifest injustice." Id.

Contrary to Plaintiff's argument, the statute of limitations for each of Plaintiff's claims has expired. Plaintiff states that he began to seek relief from the courts for the return of his property as early as March 1990. Since this time, all of Plaintiff's motions have been dismissed. If there is a claim for violation of Plaintiff's civil rights, it is subject to the two-year statute of limitations. Thus,

a delay of seventeen years in bringing such a claim far exceeds the statute of limitations. Furthermore, Plaintiff's claims are barred by the doctrine of *res judicata*. Plaintiff previously filed lawsuits in both the State and Federal Courts, based upon the same factual allegations and asserting the same causes of actions as in the present Complaint. The present Complaint is an attempt by Plaintiff to relitigate the claims previously dismissed.

## IV.     CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's motion for reconsideration is **denied**. An appropriate Order accompanies this Opinion.

                        S/ Dennis M. Cavanaugh
                        Dennis M. Cavanaugh, U.S.D.J.

Dated:        April  16 , 2007
cc:              All Counsel of Record
                  The Honorable Mark Falk, U.S.M.J.
                  File