NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH ROZNOWSKI, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 06-2009 (DMC) |
| | : | |
| SOUTH PLAINFIELD POLICE | : | |
| DEPARTMENT; BOROUGH OF | : | |
| SOUTH PLAINFIELD; COUNTY OF | : | |
| MIDDLESEX; MIDDLESEX COUNTY | : | |
| PROSECUTOR'S OFFICE; | : | |
| PROSECUTOR ALAN ROCKOFF; | : | |
| ASSISTANT PROSECUTOR CINDY | : | |
| GLASER; JUDGE DEBORAH | : | |
| VENEZIA; and JUDGE ROBERT P. | : | |
| FIGAROTTA, | : | |
| | : | |
| Defendants. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants South Plainfield Police Department and the Borough of South Plainfield (collectively "Defendants") to dismiss Plaintiff Joseph Roznowski's ("Plaintiff") *pro se* Complaint pursuant to Fed. R. Civ. P. 12(b)(6). After carefully considering the submissions of the parties and for the following reasons, the Court finds that Defendants' motion to dismiss is **granted**.

I. **BACKGROUND**

A. **Factual Background**

On May 1, 2006, Plaintiff, *pro se,* filed a Complaint against Defendants alleging breach of the implied covenant of good faith and fair dealing, infliction of emotional distress, violation of his

civil rights, conspiracy to violate his civil rights, negligence, fraud, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 (2006).  Compl. ¶¶ First Count-Twelfth Count.

In the Complaint, Plaintiff refers to property that members of the South Plainfield Police Department confiscated on or about April 7, 1987, including a coin collection, 117 guns, and cash, all of which Plaintiff values at more than $250,000.  Compl. ¶1.  Plaintiff alleges that the police seized the property without a valid search warrant in violation of his Fourth Amendment rights. Compl. ¶1.  The Complaint further alleges that on April 27,1987, the police returned to Plaintiff's home with a valid search warrant, confiscating tools, political collector's items, wedding rings, exercise equipment and $5,000 cash. Compl. ¶ 2.

In 1990, former-Prosecutor Alan Rockoff and Assistant Prosecutor Cindy Glaser of the Middlesex County, prosecuted Plaintiff on criminal charges.  Compl. ¶ 3.  Plaintiff alleges that he was maliciously prosecuted because the prosecutors knew the first search warrant was illegal and had been issued in violation of his civil rights.  Compl. ¶ 3.  Plaintiff entered a plea agreement which is described in the Complaint as "pled guilty to the POSSIBILITY of having more than $500.00 worth of items in his home that he had no receipt for." Compl. ¶ 4 (emphasis in original).  According to the Complaint, the state court entered an order on February 7, 1990, stating that the items removed from Plaintiff's house that could not be proven stolen should be returned within sixty days.  Compl. ¶ 5.  Plaintiff states in the Complaint that the South Plainfield Police Department and the Borough of South Plainfield failed to return all of the confiscated items.

Plaintiff claims that he attempted unsuccessfully to retrieve his property numerous times. Compl. ¶ 7.  The Complaint states that he took the receipt for the rare penny to Prosecutor Rockoff and that the Prosecutor represented that he would conduct an investigation to resolve the issue;

however, Plaintiff contends that the Prosecutor failed to do so and did not return the receipt.  Compl. ¶ 8.  As stated in the Complaint, Plaintiff  filed motions to enforce the order to return his property on two separate occasions and that the motions were denied by Defendants Judge Figarotta and Judge Venezia.  Compl. ¶ 9.  The Complaint further alleges that Assistant Prosecutor Glaser misled the Court by stating that the 1943 penny and other items were returned to Plaintiff.  Compl. ¶ 10.

### B.    Procedural Background

Plaintiff filed a Complaint asserting claims for breach of an implied covenant of good faith and fair dealing with respect to the search and seizure (Compl.  First and Ninth Counts); breach of the duty of fair dealing before the Superior Court regarding his seized property (Compl. Second Count); negligent and intentional infliction of emotional distress (Compl. Third and Fourth Counts); conspiracy to violate Plaintiff's Equal Protection rights (Compl. Sixth Count); violation of Plaintiff's civil rights (Compl. Seventh and Eighth Counts); conspiracy to take Plaintiff's property in violation of the Fourth, Fifth, and Fourteenth Amendments (Compl. Tenth Count); violation of the RICO Act, 18 U.S.C. § 1961 (Compl. Eleventh Count);  negligence, fraud, theft by deception, official misconduct, and violation of defendants' oaths of office (Compl. Twelfth Count).  Based on these claims, Plaintiff seeks compensatory and punitive damages.

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490,501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall

dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Id. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

This Court is cognizant of the leniency given to the reading of claims filed by *pro se* litigants. See Haines v. Kerner, 404 U.S. 519 (1972); U.S. v. Albinson, 356 F.3d 278 (3d Cir. 2004). However, even with a more lenient reading of Plaintiff's Complaint, it is apparent on its face that no relief may be granted.

**III.   DISCUSSION**

**A.   *Res Judicata***

The "doctrine of *res judicata* provides that when a final judgment has been entered on the merits of a case, '[i]t is a finality as to the claim or demand in controversy." Nevada v. U.S., 463 U.S. 110, 129 (1983) (citing Cromwell v. County of Sac, 94 U.S. 351, 352 (1876)). Furthermore, a final judgment "conclud[es] parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Id. at 129 (internal citations omitted). See also EEOC v. U.S. Steel Corp., 921 F.2d 489 (3d Cir. 1990); City of Plainfield v. Public Serv. Elec. and Gas Co., 82 N.J. 245, 257 (1980). The entry of a final judgment puts an end

-4-

to the cause of action which cannot be brought again between the parties on any ground.  Comm'r of Internal Revenue v. Sunnen, 333 U.S. 591, 597 (1948).

In this case, Plaintiff previously filed lawsuits in both the State and Federal Courts, based upon the same factual allegations and asserting the same causes of action alleged in the present Complaint.  It is evident from Plaintiff's responses to the Request for Admissions on November 8, 2006, that this Complaint is no more than a resurrection of Plaintiff's prior Complaints after a six-year hiatus.  On or about April 20, 1998, Plaintiff filed a Complaint against Defendants in the New Jersey Superior Court.  These claims were dismissed by the Honorable Jane B. Cantor, J.S.C. in an Order granting summary judgment to the Middlesex County Prosecutor's Office dated June 11, 1999. On approximately May 14, 1999, Plaintiff filed a Complaint against Defendants in the United States District Court for the District of New Jersey which was dismissed with prejudice by the Honorable Alfred J. Lechner, Jr. U.S.D.J. in an Order dated December 21, 1999.  Plaintiff admits that the search of his home, the confiscation of his property, and all the alleged events following which are the basis of this latest Complaint are the same as those contained in the previously dismissed Complaints. Accordingly, Plaintiff's attempt to re-litigate the same claims is barred by the doctrine of *res judicata*.

**B.    Statute of Limitations**

Not only are Plaintiffs' claims barred by the doctrine of *res judicata*, each cause of action alleged in the Complaint is also barred by the relevant statute of limitations.  The statute of limitations defense is an appropriate ground for a Federal Rule of Civil Procedure 12(b)(6) dismissal. "While the language of the Federal Rule of Civil Procedure 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made

where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994).  It is clear from the Complaint that Plaintiff has not complied with the statute of limitations.

      1.     Breach of the Implied Covenant of Good Faith and Fair Dealing With Respect to the Search and Seizure of Plaintiff's Property

Although it is unclear,  Plaintiff appears to claim a breach of the implied covenant of good faith and fair dealing due to Defendants' failure to return his property.  Compl. First, Second, and Ninth Count.  The Complaint asserts that Defendants failed to return a rare penny, numerous guns, and cash that were seized during searches of Plaintiff's home on April 7, 1987.  When property is seized by the State as a result of a possible crime, and the person could not discover that the property he owns was seized as contraband after reasonable attention to the matter, the individual may file a claim for its return within three years of the seizure.  See N.J.S.A. § 2C: 64-8 (2007).  However, with regard to claims asserted for non-prima facie contraband that was held by the State yet was never made the subject of a civil forfeiture action, the three-year statute of limitations does not apply. Dragutsky v. Tate, 262 N.J. Super. 257, 263 (App. Div. 1993).  Instead, in the absence of an opportunity to defend in a civil forfeiture proceeding brought by the State, an individual who wishes to challenge the seizure must file his or her cause of action within a reasonable time.  See Seneca v. Bissell, 274 N.J. Super. 613, 617 (App. Div. 1994) (holding that five years was not a reasonable time to wait to file a cause of action for replevin for money and personal property seized by prosecutor).

Here, the latest date upon which Plaintiff became aware that his property was seized pursuant to the searches of his home was February 7, 1990, when the State Court entered an order requiring

-6-

the return of the non-prima facie contraband.  In the Complaint, Plaintiff describes the efforts taken to reclaim the property, specifically the 1943 penny.  Compl. ¶¶ 7-9.  The Complaint does not indicate that the items seized were ever the subject of a civil forfeiture action, therefore, the three year statute of limitations would not apply and Plaintiff would have to file a Complaint within a "reasonable time." Seneca, 274 N.J. Super at 617.  The delay of nineteen years in this case is clearly unreasonable.  By way of example, the Court in Seneca held that five years was not a reasonable time. The delay in this case far exceeds the five-year delay deemed unreasonable in Seneca.  Id. Accordingly, this claim is time-barred and must be dismissed.

2.    Fraud

Plaintiff broadly claims that all Defendants committed fraud with respect to the prosecution of his criminal matter.  Compl. Twelfth Count.  However, these claims are also barred by the relevant statute of limitations.  The statute of limitations for fraud in New Jersey is six years after any such action has accrued.  Hartford Accident and Indem. Co. v. Baker, 208 N.J. Super 131, 135-36 (Law Div. 1985); see N.J.S.A. § 2A: 14-1 (2007).  The statute of limitations begins to run on the date upon which the right to institute and maintain a suit first arises.  Montag v. Bergen Bluestone Co., 145 N.J. Super. 140 (Law Div. 1976). Specifically, a plaintiff's cause of action for fraud will accrue when "damage" is inflicted.  Holmin v. TRW, Inc., 330 N.J. Super. 30, 36 (App. Div. 2000).

Plaintiff became aware of Defendants' actions to seize his property, the circumstances of the prosecution, and Defendants' actions regarding his property following the plea agreement on February 7, 1990.  At the very latest, Plaintiff suffered damage at the time his motions to enforce the February 7, 1990 Court Order were denied.  However, Plaintiff did not bring this claim until May 1, 2006, ten years beyond the applicable statute of limitations.  Thus, a Rule 12(b)(6) dismissal is

-7-

appropriate as to Plaintiff's fraud claim.

      3.    <u>RICO Claims</u>

Plaintiff alleges that Defendants violated the RICO statute, 18 U.S.C. § 1961 (2006), by conspiring to take Plaintiff's property and money, committing fraud, theft by deception, violating their oaths in office or oaths taken as attorneys, engaging in extortion, and not complying with the Court Order entered on February 7, 1990. Compl. Eleventh Count. The applicable statute of limitations for federal RICO claims is four years. <u>Agency Holding Corp. v. Malley-Duft and Assocs.</u>, 483 U.S. 143, 156 (1987). <u>See also</u> <u>Cetel v. Kirwan Fin. Group, Inc.</u>, 460 F.3d 494 (3d Cir. 2006). In determining when a RICO claim accrues, the court applies an injury discovery rule "whereby a RICO claim accrues when plaintiffs knew or should have known of their injury." <u>Mathews v. Kidder Peabody & Co.</u>, 260 F.3d 239, 250 (3d Cir. 2001) (citing <u>Forbes v. Eagleson</u>, 228 F.3d 471 (3d Cir 2000)).

Giving Plaintiff the benefit of all reasonable inferences, the latest possible date Plaintiff knew or should have known he was injured by Defendants' failure to return his property was when he filed his motions to enforce the Court Order. Plaintiff filed this Complaint sixteen years after the Order was entered on February 7, 1990. It follows that Plaintiff's RICO claims have not been filed within the applicable four-year statute of limitations and are therefore dismissed.

      4.    <u>Violation of Plaintiff's Civil Rights, Conspiracy to Violate Plaintiff's Civil Rights, Infliction of Emotional Distress and Negligence</u>

Plaintiff claims that Defendants violated and conspired to violate his constitutional rights, (Compl. Sixth, Seventh, Eighth, and Tenth Counts), acted negligently (Compl. Twelfth Count), and inflicted emotional distress (Compl. Third and Fourth Counts). An aggrieved party seeking to

redress the violation of a constitutional right by a public official acting under color of law must bring suit pursuant to 42 U.S.C. §§ 1983 and 1985.  See generally Zinerman v. Burch, 494 U.S. 113 (1990); McDaniels v. Flick, 59 F.3d 446, 460 (3d Cir. 1995); Martinez v. City of Los Angeles, 141 F.3d 1373, 1383 (9th Cir. 1998).  Section 1983 provides a method for vindicating violations of federal rights, it is not a source of substantive rights.  Baker v. McCollan, 443 U.S. 137, 145 n.3 (1997).  The Supreme Court has instructed that courts entertaining claims brought pursuant to 42 U.S.C. §§ 1983 and 1985 should borrow the statute of limitations for personal injury actions in the state.  Wilson v. Garcia, 471 U.S. 261, 280 (1985).  The general statute of limitations for personal injury actions in New Jersey is two years.  N.J.S.A. § 2A:14-2 (2007); Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 24 (3d Cir. 1989).  In Cito, the Third Circuit found that the plaintiff's § 1983 claim was subject to New Jersey's two-year statute of limitations for personal injuries.  Id.  As such, a two-year statute of limitations applies to claims arising under 42 U.S.C. §§ 1983 and 1985.  Plaintiff's 42 U.S.C. §§ 1983 and 1985 claims relating to incidents that occurred sixteen years ago must be dismissed because they are barred by the applicable two-year statute of limitations.

Plaintiff's state law claims are barred by a two-year statute of limitations as well.  Pursuant to N.J.S.A. § 59:8-8 of the Tort Claims Act, claims will be barred if suit is not filed within two years after its accrual.  N.J.S.A. § 59:8-8 (2007); See Russo Farms v. Vineland Bd. of Educ., 144 N.J. 84, 98 (1996).  Furthermore, N.J.S.A. §§ 1:1-1 to 14-4 (2007) contains a two-year statute of limitations period for actions against a public entity or public employee.  Similarly, N.J.S.A. § 59:8-9 provides that in no event may any suit against a public entity or a public employee arising under this Act be filed later than two years from the time of the accrual of the claim.  See Paterson v. Monmouth Reg'l High Sch. Bd. of Educ., 222 N.J. Super. 448, 451 (App. Div. 1987).  As discussed above, Plaintiff

-9-

knew or should have known of the injuries allegedly caused by Defendants' behavior in February

of 1990, or shortly thereafter.  Accordingly, Plaintiff's negligence claim and infliction of emotional

distress claim were not timely filed and are dismissed.

**IV.    CONCLUSION**

_____For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss is

**granted**.  An appropriate Order accompanies this Opinion.

_____

                                      _Dennis M. Cavanaugh_____
                                      Dennis M. Cavanaugh, U.S.D.J.


Date:         July   _9_ , 2007
Orig.:        Clerk
cc:           Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
              File